Díaz, Plaintiff and Appellee, *v.* Porto Rico Railway, Light & Power Company, Defendant and Appellant.

Appeal from the First District Court of San Juan in an Action for Damages.—Motion for Dismissal.

No. 2983.—Decided June 20, 1923.

Appeal—Statement of Case—Discretion of Court.—Section 140 of the Code of Civil Procedure does not give a district court discretion to admit and settle a statement of the case or bill of exceptions after the expiration of the lawful period or of the extensions obtained by the appellant.

Id.—Id.—Id.—An appeal which was not filed in time in the Supreme Court

should be dismissed although the appellant may show that a motion invoking its discretion to admit the statement of the case out of time is pending in the court below.

The facts are stated in the opinion.

Messrs. *J. H. Brown* and *C. Ruiz* for the appellant.

Messrs. *Rincón & Vizcarrondo* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In answer to a motion to dismiss the appellant concedes that its time for presenting a statement of the case had expired, but appellant alleges that it has presented a motion to the district court to be allowed to file its statement anew. None of the papers on which the motion in the district court is made have been certified to us and the appellee was given no opportunity in the present proceeding to dismiss to combat the facts alleged in justification of the appeal to the discretion of the court below.

The appellant bases its resistance to the motion to dismiss on the discretionary power of the district court to admit a statement of the case after the regular time has expired. Appellant maintained at the hearing that this power is given by virtue of section 140 of the Code of Civil Procedure and cited decisions from California to this effect, section 473 being the homologous section in that state.

In *Belaval* v. *Córdova,* 21 P. R. R. 523, we said, *arguendo:*

"To avoid possible misunderstanding, we may add that we need not now decide, and do not decide, what relief might or might not be had in case of a delivery of the record by the stenographer after the expiration of the statutory thirty-day period, or of an authorized extension thereof, under such circumstances, as, through no fault of appellant or through his mistake, inadvertence, surprise or excusable neglect, would seriously and adversely affect his right of appeal. Whatever jurisdiction and power the court might have and exercise, after notice to the adverse party or otherwise, whether inherent or expressly conferred by section

140 of the code or other provision of law; whatever equitable relief it might afford; whatever terms and conditions it might impose, under such circumstances, it seems reasonably clear in any possible event that the mere delivery of the record after expiration of such statutory period could hardly operate *ipso facto* to revive extensions once expired and restore to life powers, either lost for lack of timely, exercise, or if exercised, completely exhausted—extensions granted and powers exercised, if at all, solely and exclusively under authority of sections 299 and 353, neither of which within itself is sufficiently broad to cover the hypothetical case suggested.''

But necessarily we did not decide that section 140 could be invoked because that question was not before the court. Plainly, that opinion · was suggesting merely that somewhere the power might reside to relieve an appellant when there was an excusable delay in filing a statement of the case. Previously to the decision in *Belaval* v. *Córdova,* *supra,* we had decided that section 140 was not applicable. *Deliz* v. *Franco,* 21 P. R. R. 498, citing *Pardo* v. *Pardo,* 19 P. R. R. 1125. In the last-named case Mr. Justice del Toro concurred specially and in the Deliz case Justices del Toro and Hutchison concurred specially. In both cases the applicability of section 140 was involved, the district court having attempted to exercise a power thereunder.

Be that as it may, the jurisprudence of California is not very satisfactory and was distinguished in *Pardo* v. *Pardo, supra.* We shall examine our special statutes to consider where the power does or should lie. The district courts have power to extend the time for filing a statement, but in no part of the Code is any power given them to give or create a fresh opportunity. In 1909, by rules of this court, appeals were subject to dismissal if appellant did not file his transcript within thirty days when there was no pending statement. By act No. 70 of 1911 the appellant was required to file the transcript in this court within thirty days after the approval of a bill or statement

had been approved, but our rules remained unaffected in regard to the necessity for filing within 30 days from the notice of appeal when there was no bill or statement. Literally the right to dismiss rests in this court from the moment that there is no existing proceeding to obtain the approval of a bill or statement.

The motion to dismiss must prevail.

*Appeal dismissed.*

Mr. Justice Aldrey concurred.

Mr. Chief Justice Del Toro concurred in the judgment.

Mr. Justice Hutchison dissented.

Mr. Justice Franco Soto took no part in the decision of this case.